UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MICHAEL PHELPS, | ) | |
| | ) | 2:11-CV-00423-PMP-LRL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MC COMMUNICATIONS, INC., JOHN | ) | |
| WEHRMAN, and ROBERT HAYES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the Court is Defendants' Motion to Dismiss or Stay in Favor of Pending Prior Litigation (Doc. #11), filed on April 4, 2011. Plaintiff filed an Opposition (Doc. #23) on May 17, 2011. Defendants filed a Reply (Doc. #28) on June 2, 2011.

Also before the Court is Plaintiff's Motion for Circulation of Notice of the Pendency of This Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (Doc. #12), filed on April 4, 2011. Defendants filed an Opposition (Doc. #22) on May 17, 2011. Plaintiff filed a Reply (Doc. #27) on May 31, 2011.

Also before the Court is Plaintiff's Motion to Sever (Doc. #13) and Remand (Doc. #14) Plaintiff's Claims Under Nevada Law to the Eighth Judicial District Court of Nevada, filed on April 8, 2011. Defendants filed an Opposition (Doc. #24) on May 23, 2011. Plaintiff filed a Reply (Doc. #29) on June 7, 2011. Plaintiff also filed a Motion to File a Supplement of New Authority in Connection with Plaintiff's Motions to Sever and Remand Plaintiff's Claims Under Nevada Law to the Eighth Judicial District Court (Doc. #30), filed on June 15, 2011. Defendants filed an Opposition (Doc. #31) on June 17, 2011. Plaintiff filed a Reply (Doc. #32) on June 20, 2011.

1  **I. BACKGROUND**

2          Plaintiff Michael Phelps brought this action in Nevada state court alleging

3  Defendants failed to pay overtime for certain of their employees, cable service installers,

4  and concealed their failure to do so through use of falsified paperwork in a "piece work"

5  compensation system that did not accurately reflect the amount of time installers actually

6  worked.  (Notice to Fed. Ct. of Removal of Civ. Action from State Ct. (Doc. #7), Ex. A.)

7  Plaintiff brings claims under the federal Fair Labor Standards Act ("FLSA"), Nevada

8  Revised Statutes § 608.018 (overtime), and Nevada Revised Statutes § 608.040 (failure to

9  pay wages due upon separation).  Plaintiff seeks to represent an opt-in class under the

10  FLSA, and opt-out classes under Nevada law.  Defendants removed the action to this Court.

11  (Notice to Fed. Ct. of Removal of Civ. Action from State Ct. (Doc. #1).)

12          The parties have filed a series of motions directed at how and where this case

13  should proceed.  Plaintiff has moved to sever and remand his state law claims to state court.

14  Defendants oppose severance and remand, and instead move to dismiss Plaintiff's claim

15  based on § 608.018, asserting no private cause of action exists to enforce this statutory

16  provision.[1]  The parties also dispute the content and methods of notice to the putative FLSA

17  collective action members.

18  **II.  PLAINTIFF'S MOTION TO SEVER (Doc. #13) AND REMAND (Doc. #14)**

19          Plaintiff moves to sever his state law claims from his FLSA claim, and to remand

20  the state law claims to Nevada state court.  Plaintiff argues that based on this Court's orders

21  in other cases, severance and remand is appropriate to the extent pursuit of his FLSA opt-in

22  collective action claim would be incompatible with pursuit of his state law opt-out class

23

24

25          [1] Defendants initially moved to dismiss, stay, or transfer this action based on prior pending litigation.  However, Defendants have withdrawn this portion of their motion.  (Notice of Partial Withdrawal Without Prejudice of Defs.' Mot. to Dismiss or Stay in Favor of Pending Prior Litig. (Doc.

26  #21).)

1   claims.  Plaintiff also argues that the Court ought to decline to exercise supplemental

2   jurisdiction because his state law claims raise novel issues of state law, as demonstrated by

3   Defendants' attempt to dismiss his claim under § 608.018 based on an unsettled question of

4   state law.

5           Defendants oppose severance and remand, arguing that they have not asserted

6   that Plaintiff's pursuit of a collective FLSA action is incompatible with his pursuit of an

7   opt-out class action for the state law claims.  Defendants also contend that Plaintiff's claims

8   do not raise novel issues of state law, as this Court has addressed the question of whether an

9   implied private right of action exists under § 608.018.  Defendants also contend that

10  efficiency, wise use of resources, and avoiding the risk of inconsistent judgments counsel in

11  favor of exercising supplemental jurisdiction because the FLSA and state law claims are

12  based on the same underlying facts.

13          Pursuant to 28 U.S.C. § 1367(a), if a federal district court has original jurisdiction

14  over a civil action, it may exercise supplemental jurisdiction over state law claims that "are

15  so related to claims in the action within such original jurisdiction that they form part of the

16  same case or controversy under Article III of the United States Constitution."  "A state law

17  claim is part of the same case or controversy when it shares a common nucleus of operative

18  fact with the federal claims and the state and federal claims would normally be tried

19  together."  Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (quotation omitted).

20  However, a federal district court may decline to exercise supplemental jurisdiction over

21  such a claim if "the claim raises a novel or complex issue of State law."  28 U.S.C.

22  § 1367(c)(1).  Whether to decline the exercise of supplemental jurisdiction under § 1367(c)

23  lies within the federal district court's discretion.  Satey v. JPMorgan Chase & Co., 521 F.3d

24  1087, 1090 (9th Cir. 2008).

25          The Court, in its discretion, will decline to exercise supplemental jurisdiction

26  over Plaintiff's state law claims.  Plaintiff's claim under § 608.018 raises the novel state law

1   question of whether a private right of action will lie for unpaid overtime under § 608.018.

2   This Court previously has addressed the question whether an implied cause of action exists

3   under § 608.018, and the Court has held, consistent with Nevada Supreme Court authority,

4   that it does not.  See Garcia v. Interstate Plumbing & Air Conditioning, LLC, No. 2:10-CV-

5   410-RCJ-RJJ, 2011 WL 468439, *7 (D. Nev. Feb. 4, 2011) (slip copy); Cueto-Reyes v. All

6   My Sons Moving Co. of LV, 2:09-CV-02299-ECR-RJJ, Order (Doc. #18) at 7); see also

7   Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96, 100-03 (Nev. 2008).  The Court has

8   little dispute with this conclusion, and were that the end of the matter, the Court would

9   agree with Defendants that Plaintiff's claims raise no novel issues of state law.

10          However, it does not appear that the plaintiffs in those actions argued, as Plaintiff

11  does here, that a plaintiff may pursue recovery of unpaid overtime due under § 608.018

12  through Nevada Revised Statutes § 608.140, which provides for attorney's fees in a "suit

13  for wages earned and due."  When this Court has considered that question, it has held that a

14  plaintiff may resort to § 608.140 to vindicate the failure to pay overtime under § 608.018.[2]

15  See Busk v. Integrity Staffing Solutions, Inc., No. 2:10-CV-01854-RLH, 2011 WL

16  2971265, *7 (D. Nev. July 19, 2011) (slip copy) (rejecting the defendant's argument that

17  overtime compensation does not constitute "wages" and holding the plaintiffs "correctly use

18  NRS § 608.140 as the private right of action to recoup unpaid wages . . . under NRS

19  §§ 608.018 and 608.019"); Buenaventura v. Champion Drywall, Inc., No. 2:10-CV-00377-

20  LDG-RJJ, 2011 WL 1071760, *3 (D. Nev. Mar. 21, 2011) (slip copy) (stating that "nothing

21  in the language of § 608.018 suggests that the overtime compensation that an employer

22  must pay to covered employees is other than a wage.  Accordingly, as employees can

23

24          [2] Defendants contend this Court found a difference between overtime compensation and wages
    in Lucas v. Bell Trans, No. 2:08-CV-01792-RCJ-RJ, 2009 WL 2424557 (D. Nev. 2009) (slip copy).

25  The Court made no such ruling in Lucas.  Rather, the Court ruled that because limousine drivers
    statutorily were excluded from the overtime compensation requirements, they could not sue for failure

26  to pay overtime.  Id. at *8.

4

1   maintain a private cause of action for unpaid wages pursuant to § 608.140, employees

2   covered by § 608.018 can bring a private cause of action for the unpaid overtime wages

3   owed pursuant to § 608.018.").

4          Defendants contend, however, that overtime compensation does not constitute

5   "wages" under § 608.140, and thus Plaintiff cannot resort to § 608.140 to save his state law

6   overtime claim.  The Nevada Supreme Court has not addressed this specific question,

7   although it has affirmed that § 608.140, unlike some other provisions in Chapter 608, does

8   provide for a private right of action.  Baldonado, 194 P.3d at 105 n.33.  This Court has

9   addressed this specific question twice, in Busk and Buenaventura, both times finding that

10  unpaid overtime counts as "wages" which a plaintiff may seek to recover through the

11  private right of action in § 608.140.  In contrast, the only state court decision the parties

12  have located, an unpublished lower court order in Csomos v. The Venetian Casino Resort,

13  Case No. A581365, rejected the proposition that unpaid overtime amounted to "wages"

14  under § 608.140.  (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, Ex. C at 4-6.)  This

15  Court's rulings thus are in conflict with the only known state court decision addressing the

16  matter.  Consequently, the Court concludes that Plaintiff's claim under § 608.018 raises a

17  novel issue of state law which the Nevada courts ought to have the opportunity to resolve.

18         The Court, in its discretion, therefore will decline to exercise supplemental

19  jurisdiction over Plaintiff's state law claims.  The Court will grant Plaintiff's motion to

20  sever his state law claims and remand them to state court.  The Court will deny as moot

21  Defendants' motion to dismiss Plaintiff's claim under § 608.018, without prejudice to

22  Defendants renewing these arguments before the Nevada state court.

23  **III.  PLAINTIFF'S MOTION TO CIRCULATE NOTICE OF ACTION (Doc. #12)**

24         Plaintiff moves for an order conditionally certifying the FLSA opt in class and

25  directing notice of this action to putative FLSA collective action members.  Specifically,

26  Plaintiff contends that other cable service installers who have worked for Defendants are

1  similarly situated and thus should receive notice of this action so they may file their

2  consents to opt in.  Plaintiff provides a proposed notice which he contends is similar to

3  notices approved in other cases in this District.  Plaintiff requests that Defendants provide

4  him with the names, addresses, phone numbers, and email addresses of all putative

5  collective action members and that those individuals be given 120 days to opt in.  Plaintiff

6  also requests that the notice be posted in Defendants' place of business for 90 days, that

7  Defendants email the notice to putative collective action members, and that Defendants

8  publish the notice in the next three employee newsletters.  Finally, Plaintiff requests the

9  Court toll the statute of limitations on the putative class members' claims during the time

10  the motion for notice has been pending.

11        Defendants oppose notice being sent, arguing the Court should not conditionally

12  certify this collective action as Plaintiff has not established through competent evidence that

13  he is similarly situated to any putative collective action members.  Defendants contend

14  Plaintiff's statements in his supporting affidavit are hearsay or lack personal knowledge, as

15  Plaintiff cannot know whether installers worked overtime or falsely reported their time,

16  because installers worked alone and reported their time on an individual basis.  Defendants

17  also argue that Plaintiff cannot be similarly situated to employees who worked for

18  Defendants after June 2009 because Defendants altered their compensation system in June

19  2009.  Defendants also present affidavits which deny Defendants engaged in the alleged

20  misconduct.

21        Alternatively, in the event the Court decides to issue notice, Defendants request

22  that putative collective action members be given 45 days to opt in, not 120 days.

23  Defendants also request that they not be required to post the notice in the workplace or

24  email it to employees.  Defendants also request the Court revise the proposed notice to

25  include an explanation that putative collective action members may have to pay fees and

26  costs, and must participate in discovery.  Defendants also request alteration to the

1    description of calculating overtime pay.  Finally, Defendants oppose tolling the limitations

2    period.

3                **A.  Similarly Situated**

4               Title 29 U.S.C. § 216(b) of the FLSA provides that employees may bring private

5    actions for themselves "and other employees similarly situated" against employers who

6    violate the FLSA.  Section 216(b) further provides an employee is not a party plaintiff to

7    any such action "unless he gives his consent in writing to become such a party and such

8    consent is filed in the court in which such action is brought."

9               "The benefits of a collective action depend on employees receiving accurate and

10   timely notice . . . so that they can make informed decisions about whether to participate."

11   Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008) (quotation

12   omitted).  Consequently, a district court "may authorize the named plaintiffs in a FLSA

13   collective action to send notice to all potential plaintiffs, . . . and may set a deadline for

14   plaintiffs to join the suit by filing consents to sue."  Does I thru XXIII v. Advanced Textile

15   Corp., 214 F.3d 1058, 1064 (9th Cir. 2000) (citing Hoffmann-La Roche Inc. v. Sperling,

16   493 U.S. 165, 169, 172 (1989)).  Courts decide whether to issue such notice by making an

17   initial determination, sometimes referred to as conditional certification of the class, as to

18   whether other similarly situated employees should be notified.  Morgan, 551 F.3d at 1260.

19              At the notice stage, the plaintiff bears the burden of showing a "reasonable basis"

20   for his claim that there are other similarly situated employees.  Id. (quotation omitted).  This

21   burden is "fairly lenient," and is based "primarily on pleadings and affidavits."  Id. at

22   1260-61 (quotation omitted); Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007).

23              The Court finds Plaintiff has made a sufficient threshold showing that he is

24   similarly situated to Defendants' cable installers in Las Vegas for purposes of conditional

25   certification and notice.  Plaintiff presents his own affidavits in which he avers that

26   Defendants employed him as an installer from approximately 2002 or 2003 until June 2009.

1    (Pl.'s Mot. for Circulation of Notice of the Pendency of this Act Pursuant to 29 U.S.C.

2    § 216(b), Pl.'s Decl. at ¶¶ 1-2, 5.)  According to Plaintiff, he worked over 40 hours per

3    week almost every week while employed with Defendants.  (Id. ¶ 2.)  Plaintiff avers that

4    Defendants paid installers on a piece rate basis, meaning that rather than being paid by the

5    hour, installers were paid a set amount for each installation performed.  (Id.)  Plaintiff states

6    that although installers actually were paid under the piece rate system, Defendants would

7    list an hourly rate on the installers' paychecks which was fictitious and unrelated to the

8    actual time installers spent working.  (Id. at ¶¶ 2-3.)

9            Plaintiff states that Defendants would require installers to falsify records

10   reflecting less hours than the installers actually worked, and that a comparison of the

11   installers' falsified records with other records, such as "TOA" records, will show installers

12   worked more hours than the falsified "tic sheets" show.  (Id. at ¶ 4; Pl.'s Further Decl. in

13   Support of Pl.'s Mot. for Circulation of Notice of the Pendency of this Action Pursuant to

14   29 U.S.C. § 216(b) (Doc. #27-1) ["Supp. Decl."] at ¶ 2.)  Plaintiff further states that

15   although he left shortly after Defendants instituted a new point-based compensation system,

16   he was familiar with the new system, and it was, in practical effect, the same as the piece

17   work system, as it assigns points for different types of installations, which then are

18   converted into a flat dollar amount, similar to the piece work system which pays a flat dollar

19   amount for each piece of work completed.  (Supp. Decl. at ¶¶ 3-4.)

20           Plaintiff avers that during the period he was employed with Defendants,

21   approximately 100 other installers also worked for Defendants.  (Pl.'s Mot. for Circulation

22   of Notice of the Pendency of this Act Pursuant to 29 U.S.C. § 216(b), Pl.'s Decl. at ¶ 6.)

23   Plaintiff states that Defendants held weekly meetings for all installers every Friday, during

24   which Defendants' managers, including Manny Sepulveda, Rich Wadkins, and Rob Hayes,

25   regularly told installers not to report more than 40 hours a week on their "tic sheets."

26   (Supp. Decl. at 5.)  According to Plaintiff, Defendants' managers, including Manny

8

1    Sepulveda, Rich Wadkins, and Gilbert Morales, told all installers at these meetings to

2    falsify their records.  (Id. ¶ 6.)  Plaintiff also states that Defendants' policies were "a

3    constant source of conversation among the defendants' installers," and Plaintiff identifies

4    by name several other installers with whom he discussed these topics.  (Id. ¶ 8.)

5            The Court concludes Plaintiff's allegations, in conjunction with his two

6    affidavits, suffice to establish he is similarly situated with other installers in Las Vegas,

7    Nevada employed by Defendants.  Plaintiff identifies the common policies to which all

8    installers were subject, and identifies how he knows other installers were subject to the

9    same policies, despite the fact that installers worked and reported their time individually.

10   Although Defendants present affidavits denying Plaintiff's allegations, the question at this

11   stage is not whether Plaintiff or any other putative collective action member who chooses to

12   opt in will prevail.  Nor does the Court weigh credibility as between the competing

13   affidavits.  The Court also rejects Defendants' argument that because Defendants changed

14   their compensation system shortly before Plaintiff left work, he is not similarly situated to

15   employees after June 2009.  Defendants do not describe how the compensation changed in

16   any material way, and Plaintiff has presented his affidavit describing how the compensation

17   system is effectively the same, and explaining how he is familiar with the new system.

18           Plaintiff has met his lenient burden of establishing that he is similarly situated to

19   the putative collective class for the limited purpose of giving notice of this proposed

20   collective action.  The Court therefore will conditionally certify the putative collective

21   action and require notice be given to all cable, internet, or telephone service installers who

22   were employed by MC Communications, Inc. in Las Vegas, Nevada who performed such

23   work after February 11, 2008, and who were paid on a piece rate or point system basis.

24           **B.  Time to Opt In**

25           Plaintiff requests 120 days for putative class members to opt in.  Defendants

26   contend only 45 days is appropriate.  The Court concludes that 90 days will suffice to give

1    potential collective action members time to decide whether to opt in and participate in this

2    collective action.

3           **C.  Methods of Notice**

4           Plaintiff requests that Defendants be required to post the notice in their place of

5    business, publish it in the employee newsletter, and email it to putative collective action

6    members.  Defendants oppose these requirements, contending that it should not be burdened

7    with providing notice, posting it in the workplace would be confusing to employees to

8    whom the notice does not apply, Defendants do not have an employee newsletter, and

9    Defendants do not have email addresses for all current and former employees who may be

10   putative collective action members.

11          The Court will require Defendants to provide to Plaintiff's counsel the names,

12   addresses, telephone numbers, and email addresses for all putative collective class

13   members, to the extent Defendants have such information, within ten (10) days.  The Court

14   will not require Defendants to post the notice in the workplace, as there is no indication that

15   service by first class mail will be ineffective or inadequate.  Defendants should have proper

16   addresses for their current employees, and posting the notice in the workplace would not

17   provide notice to former employees for whom Defendants may not have current

18   information.

19          The Court will permit Plaintiffs to email the notice to those employees for whom

20   Defendants have email addresses, as well as send it by first class mail.  Email is an efficient,

21   reasonable, and low-cost supplemental form of notice, particularly where Defendants may

22   lack current physical mailing address information for its former employees.  Although

23   Defendants suggest email notification is more apt to be abused by alterations to the notice

24   or by being forwarded to individuals to whom the notice does not apply, paper notices are

25   subject to similar risks, including the risk that they will be scanned into a computer, altered,

26   and emailed.  However, Plaintiff's request that the Court order Defendants to reproduce the

1   notice in an employee newsletter is moot, as Defendants represent they have no such

2   newsletter and Plaintiff does not present any evidence to the contrary.

3               **D.  Fees and Costs and Participation in Discovery**

4               Defendants request that language be added to the proposed notice to the effect

5   that by joining the case, the putative collective action member may be liable for

6   Defendants' costs and attorneys' fees if Defendants prevail.  Defendants also request the

7   notice advise putative collective action members that they may be required to participate in

8   discovery.  Plaintiff opposes, arguing such language is not required and may unduly

9   discourage potential collective action members from participating.

10              The Court will require that the notice advise potential plaintiffs that by joining

11  the action they may have to participate in discovery, including written discovery, a

12  deposition, and/or testify at trial.  Such information will allow putative collective action

13  members to weigh the potential burden participation may impose.

14              However, the Court will not require the notice to indicate potential plaintiffs may

15  be liable for Defendants' costs and attorney's fees.  Defendants present no authority that a

16  plaintiff may be liable for a defendant-employer's costs and attorney's fees in an FLSA

17  action absent bad faith conduct.  See Mach v. Will County Sheriff, 580 F.3d 495, 501 (7th

18  Cir. 2009) ("The FLSA's fee-shifting provision refers only to a prevailing plaintiff, . . . and

19  says nothing of a prevailing defendant" and thus a prevailing defendant "may obtain

20  attorneys' fees only if the plaintiff litigated in bad faith" (citing Alyeska Pipeline Serv. Co.

21  v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)); Richardson v. Alaska Airlines, Inc.,

22  750 F.2d 763, 767 (9th Cir. 1984) ("A prevailing employer may not recover attorney's fees

23  in an action under the FLSA" (emphasis omitted)); see also 29 U.S.C. § 216(b) ("The court

24  in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow

25  a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  The

26  remote possibility of bad faith litigation conduct does not support the requested language

1   and would serve only to discourage putative collective action members from joining the

2   suit.

3                  **E.  Method of Calculating Overtime**

4           Finally, Defendants argue the notice should be amended to reflect the method of

5   calculating overtime under a piece rate system.  The Court will not impose this requirement.

6   Defendants' proposed revision would be confusing to a lay person and would not facilitate

7   notice.

8                  **F.  Typographical Errors**

9           The Court directs Plaintiff to correct the typographical error on page 3 of the

10   proposed notice to change "April 4, 2011" to "February 11, 2008."  Additionally, the

11   consent form is missing the word "designate" between the words "I" and "Michael Phelps

12   as my agent."

13                  **G.  Tolling**

14           Plaintiff requests the Court toll the limitations period for putative collective

15   action members who have not opted in yet for the time period during which the motion to

16   circulate notice has been pending.  Plaintiff argues that failure to do so encourages FLSA

17   defendants to file frivolous oppositions to motions to circulate notice because they gain the

18   benefit of delay, and concomitant running of the limitations period, regardless of whether

19   they prevail on the merits of the underlying motion.  Defendants respond that tolling is not

20   appropriate, their opposition is not frivolous, and this Court routinely has rejected FLSA

21   plaintiffs' requests for equitable tolling under similar circumstances.

22           Equitable tolling may be appropriate if a plaintiff is "unable to obtain vital

23   information bearing on the existence of his claim" despite exercising due diligence.

24   Coppinger-Martin v. Solis, 627 F.3d 745, 750 (9th Cir. 2010).  "If a reasonable plaintiff

25   would not have known of the existence of a possible claim within the limitations period,

26   then equitable tolling will serve to extend the statute of limitations for filing suit until the

1    plaintiff can gather what information he needs." Id. (quotation omitted).

2           The Court concludes equitable tolling is not appropriate in this case.  While the

3    Court understands Plaintiff's concerns, Plaintiff has not established Defendants filed a

4    frivolous opposition for the purposes of delay.  Moreover, the fact that Defendants opposed

5    the motion to circulate notice did not, in and of itself, preclude any potential plaintiff from

6    asserting his or her claim.  According to Plaintiff's own affidavit, each installer was told to

7    falsify records and Defendants' policies regarding overtime were a topic of much discussion

8    among the pool of potential plaintiffs.  Thus, a reasonable plaintiff would know of the

9    existence of a potential claim.  The Court will not equitably toll the limitations period.

10   **IV.  CONCLUSION**

11          IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or Stay in

12   Favor of Pending Prior Litigation (Doc. #11) is hereby DENIED as moot without prejudice

13   to renew following remand to state court.

14          IT IS FURTHER ORDERED that Plaintiff's Motion to Sever (Doc. #13) and

15   Remand (Doc. #14) are hereby GRANTED.  Plaintiff's second and third causes of action

16   arising under Nevada state law are hereby SEVERED from his federal claim and

17   REMANDED to the Eighth Judicial District Court in and for the County of Clark, State of

18   Nevada in Case No. A-11-634965-C.

19          IT IS FURTHER ORDERED that Plaintiff's Motion to File a Supplement of

20   New Authority in Connection with Plaintiff's Motions to Sever and Remand Plaintiff's

21   Claims Under Nevada Law to the Eighth Judicial District Court (Doc. #30) is hereby

22   DENIED as moot.

23          IT IS FURTHER ORDERED that Plaintiff's Motion for Circulation of Notice of

24   the Pendency of This Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (Doc.

25   #12) is hereby GRANTED in accordance with the provisions of this Order and as follows:

26          1.  Within ten (10) days from the date of this Order, Defendants shall provide to

13

1   Plaintiff the names, addresses, telephone numbers, and email addresses of all cable,

2   internet, or telephone service installers who were employed by MC Communications, Inc. in

3   Las Vegas, Nevada who performed such work after February 11, 2008, and who were paid

4   on a piece rate or point system basis.

5           2.  Counsel for Plaintiff shall have ten (10) days from receipt of the names and

6   addresses of the putative class members in which to circulate the notice by first class mail

7   and email to the proposed class members at Plaintiff's counsel's expense.

8           3.  Counsel for Plaintiff shall use the form of notice Plaintiff attached to his

9   Motion for Circulation of Notice of the Pendency of This Action Pursuant to 29 U.S.C.

10   § 216(b) and for Other Relief (Doc. #12), with the following revisions:

11                  a.  change the opt in period to 90 days,

12                  b.  advise potential plaintiffs that by joining the action they may have to

13                     participate in discovery, including written discovery, a deposition, and/or

14                     testify at trial, and

15                  c.  fix the typographical errors identified in this Order.

16           4.  Putative class members shall have ninety (90) days from circulation of the

17   notice in which to opt in to this action.

18

19   DATED: August 1, 2011

20                                   PHILIP M. PRO

21                                   United States District Judge

22

23

24

25

26