# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

MICHAEL PHELPS, individually and on behalf of others similarly situated,

           Plaintiffs,

vs.

MC COMMUNICATIONS, INC., JOHN WEHRMAN and ROBERT HAYES,

           Defendants.

2:11-cv-00423-PMP-VCF

**ORDER**

[Motion to Compel Production of Documents and Modify Discovery Schedule #58]

Before the Court is Plaintiffs' Motion to Compel Production of Documents and Modify Discovery Schedule. (#58). Defendants filed an Opposition to the Motion to Compel. (#61). Plaintiffs filed a Reply to the Defendants' Opposition. (#62).

## I.  Background

Plaintiffs filed their complaint in the Eighth Judicial District Court, Clark County, Nevada on February 11, 2011. (#7-2). Plaintiffs sought the following forms of relief: (1) unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"); (2) compensation for overtime pursuant to Nevada Revised Statute 608.018; and (3) failure to pay wages upon separation pursuant to NRS 608.040. *Id.* On March 21, 2011, defendants removed the action to this court based on federal question pursuant to 28 U.S.C. § 1331. (#1). On April 4, 2011, defendants filed a motion to dismiss or stay in favor of pending prior litigation. (#11).

On April 8, 2011, plaintiff filed a motion to remand to state court. (#14). On May 16, 2011, defendants filed a notice of partial withdrawal without prejudice of the motion to dismiss or stay (#11).

1    (#21).  On August 1, 2011, the court entered an order (1) denying the motion to dismiss (#11) as moot

2    without prejudice to renew following remand to state court; (2) granting the motion to sever (#13) and

3    the motion to remand to state court (#14); (3) denying the motion to file a supplement of new authority

4    (#30) as moot; and granting the motion for circulation (#12).  (#35).  The court declined to exercise

5    supplemental jurisdiction over the state law claims.  *Id.*  The only claim remaining before this court is

6    the FLSA claim.  *Id.*

7         On August 18, 2011, defendants filed an answer.  (#36).  On September 8, 2011, the parties filed

8    a stipulation to stay the case (#42), which the court signed (#43).  On October 31, 2012, defendants filed

9    a motion to lift the stay (#51), which the court granted (#52).  Per court order (#54), the parties

10   submitted their proposed discovery plan/scheduling order on December 13, 2012.  (#55).  On December

11   18, 2012, the court entered the scheduling order, in which the expert designation date was scheduled for

12   February 18, 2013 and completion of discovery was scheduled for April 18, 2013.  (#56).  On February

13   15, 2013, plaintiffs filed the instant motion to compel production of documents and modify the

14   discovery schedule.  (#58).  On March 5, 2013, defendants filed an opposition to the motion to compel

15   (#58).  (#61).  On March 15, 2013, plaintiffs filed a reply to the defendants' opposition (#61).  (#62).

16       **II. Motion to Compel**

17           **A. Relevant Facts**

18        On December 12, 2012, plaintiffs served defendants with their First Request for Production of

19   Documents and Request No. 1 sought production of "copies of all payroll records for plaintiffs.  This

20   includes all: ... e) All other records of whatever nature that show or refer to either the hours worked by,

21   or wages paid to, or wages owed to or worked performed by plaintiffs."  (#58-1).  Defendants objected

22   to plaintiffs' Request No.1, but provided certain documents "[w]ithout waiving [their] objections, and

23   limit[ed] their response to payroll records for the time period potentially covered by this lawsuit."  *Id.*

24

25

1    On January 29, 2013, plaintiffs' counsel deposed defendants' witness Stephan Latham about the

2 ICOMS system used at MC Communications ("MCC"). (#58). Plaintiffs' counsel asked Mr. Latham if

3 the ICOMS system "data would include the starting and stopping times for that particular technician for

4 the work orders assigned to that technician; is that correct?" (#58-1). Mr. Latham replied, "Each job

5 individually, yes." *Id.*

6    In the motion to compel, plaintiffs assert that after learning of the existence of ICOMS records,

7 plaintiffs' counsel attempted to telephone defendants' counsel on the 6th, 8th, and 14th of February

8 2013. (#58). Plaintiffs further assert that defendants' counsel's sole correspondence was through a

9 letter, sent on February 11, 2013, "refusing to produce the ICOMS records or to cooperate on a

10 modification of the discovery schedule." *Id.* Plaintiffs state that their counsel emailed defendants'

11 counsel on February 14, 2013, and attempted to telephone defendants' counsel the day before filing this

12 instant motion. *Id.*

13                    **B. Argument**

14    Plaintiffs ask this court for an order compelling defendants to produce ICOMS records, as they

15 were responsive to plaintiffs' Request No.1 and defendants have failed to produce such records. (#58).

16 Plaintiffs also ask this court to modify the discovery schedule because defendants' failure to produce

17 ICOMS records made it impossible to designate an expert prior to the scheduled date of February 18,

18 2013. *Id.* Plaintiffs assert that the instant motion is timely because their counsel just learned of the

19 existence of the ICOMS records on January 29, 2013. *Id.* Plaintiffs also assert that their counsel's meet

20 and confer efforts, as outlined above, were unsuccessful because defendants' counsel was unresponsive.

21 *Id*

22    In the opposition, defendants argue five reasons why the motion to compel ICOMS records

23 should be denied: (1) such records are irrelevant; (2) that plaintiffs' counsel became aware of the

24 existence of ICOMS records five months prior to the January 29, 2013, deposition; (3) that plaintiffs'

25

3

1  counsel failed to comply with meet and confer requirements of Fed. R. Civ. P. 37 and Local Rule 26-7,

2  because no personal consultation occurred and plaintiffs' counsel did not attempt to call the associate

3  attorney assigned to the defendants' case; (4) that producing such records would be "an extraordinarily

4  onerous burden" to them because MCC would have to run over 3,285 individual searches to obtain the

5  records; (5) and that MCC is contractually prohibited from producing ICOMS records.  (#61).

6          In support of defendants' argument that disclosure is contractually prohibited, defendants

7  attached a copy of the "Independent Contractor Agreement" between MCC and Cox Communications.

8  (#61-9 Exhibit I).  In the body of the opposition, Defendants' included the following portion of Exhibit

9  E to the Independent Contractor Agreement:

**Prohibited uses of** Cox Information Systems and Equipment
Billing System - **"ICOMS"**

**Contractor shall not:**
1. Misrepresent or disguise the identity of any Personnel
2. **Communicate Cox's confidential or proprietary information to anyone not authorized to receive that information**
3. Impair or bypass the security controls designed to protect Cox's Information Systems or equipment
4. Permit any Personnel to use the Cox billing system ("ICOMS") without the full authorization of Cox
5. Permit any Personnel to use any nonpublic information that was obtained as a result of performing the Services by Contractor and/or its Personnel for personal gain or for the gain of others.

17  (#61)(Emphasis Supplied).

18          In the reply, plaintiffs address each of defendants' arguments as follows:  (1) that the ICOMS

19  records are relevant and that Mr. Latham's testimony "confirms the existence of relevant information in

20  the ICOMS database"; (2) that their December 12, 2012, request sought production of "all '… records

21  of whatever nature that show or refer to either the hours worked by, or the wages paid to, or wages owed

22  to or work performed by plaintiffs'"; (3) that defendants' lack of diligence argument is without merit

23  and that defendants have willfully acted to conceal the existence of ICOMS information; (4) that the

24  defendants' "contractually prohibited" argument is without merit because defendants did not cite to any

25

1   supporting authority; and (5) that their counsel made "extensive efforts to resolve the ICOMS

2   production issue", which were detailed in plaintiffs' counsel's sworn declaration. (#62).   Plaintiffs also

3   argue that defendants' argument regarding the burden of production is "baseless" because the idea that

4   such information can only retrieved through "thousands of manual 'searches,' is preposterous." *Id.*

5                                   **C.  Relevant Law / Discussion**

6                                        i. Meet and Confer

7           As an initial matter, the court finds that plaintiffs have satisfied the meet and confer requirement.

8   Under Local-Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant

9   is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have

10  been unable to resolve the matter without Court action.   Pursuant to Fed. R. Civ. P. 37(a)(1), a motion

11  for discovery "must include a certification that the movant has in good faith conferred or attempted to

12  confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

13  court action." The court notes that personal consultation appeared impossible for plaintiffs to coordinate

14  because defendants' counsel was unresponsive. *See* (#58).

15                                   ii.   **ICOMS Records**

16          Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with

17  document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense..."

18  or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b).

19  Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes.

20  *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes,

21  relevance means only that the materials sought are reasonably calculated to lead to the discovery of

22  admissible evidence.   *Id.*   In responding to Rule 34 requests, "the response must either state that

23  inspection and related activities will be permitted as requested or state an objection to the request,

24  including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking

25

1  discovery may move for an order compelling an answer, designation, production, or inspection" if "a

2  party fails to respond that inspection will be permitted – or fails to permit inspection – as requested

3  under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

4  Plaintiffs' Request No.1 sought production of "copies of all payroll records for plaintiffs. This

5  includes all: ... e) All other records of whatever nature that show or refer to either the hours worked by,

6  or wages paid to, or wages owed to or worked performed by plaintiffs." (#58-1). Plaintiffs assert in

7  their complaint that they were paid on a straight piece rate basis, with no overtime pay, or an inadequate

8  amount of overtime pay. (#58). Plaintiffs further assert that "defendants maintained fictitious time

9  records that they used for payroll purposes, meaning the hours appearing on the plaintiff[s'] paychecks,

10  and for which [they were] paid, were incomplete and ...plaintiff[s] worked more hours than are shown

11  on such records." *Id.* Plaintiffs also assert that ICOMS is a computer record keeping system that

12  purports to record details about the each installation performed by the plaintiffs. *Id.*

13  The court finds that the ICOMS records are responsive to plaintiffs' Request No.1., and that

14  make a specific request for ICOMS records was not required in Request No.1. The court also finds that

15  the ICOMS records are "reasonably calculated to lead to the discovery of admissible evidence."

16  *Oppenheimer*, 437 U.S. 351. Defendants' objection as to the relevance of ICOMS records is overruled.

17  With regard to the diligence argument, plaintiffs assert that they learned of the existence of

18  information available in the ICOMS records during the January 29, 2013, deposition of Mr. Latham and

19  attempted to seek the records directly from defendants' counsel. (#58). Plaintiffs further assert the

20  instant motion was filed because defendants' counsel was not responsive and the deadlines for expert

21  disclosure and discovery were approaching. *Id.* The court finds that plaintiffs were diligent in seeking

22  the instant motion.

23  Defendants raise the argument that MCC is contractually prohibited by its agreement with Cox

24  Communications to release the ICOMS records based on a court order. (#61). Exhibit E to the

25

1  Independent Contractor Agreement specifically states that "Cox reserves the right to access, inspect,

2  retrieve, and *disclose* any and all information created, communicated, received, or stored on its

3  information systems or equipment." (#61-9 Exhibit I)(Emphasis Added).  It is clear to the court that

4  Cox Communications, rather than MCC, has the ability to produce the ICOMS records.  Plaintiffs may

5  subpoena Cox Communications for such records.  As the court is not ordering defendants to produce

6  such documents, defendants' unduly burdensome argument regarding the production of ICOMS records

7  is moot.

8                                                                       **iii.   Discovery Schedule**

9          Pursuant to Local Rule 26-4, "[a]pplications to extend any date set by the discovery plan,

10  scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported

11  by a showing of good cause for the extension."   The court finds that good cause exists.  The court

12  recognizes that extending discovery deadlines is necessary in light of need for production of ICOMS

13  records.  The Expert Disclosure Deadline of February 18, 2013 is extended to May 17, 2013.  The

14  Discovery Cut-Off Date of April 18, 2013 is extended to June 18, 2013.

15          Accordingly, and for good cause shown,

16          IT IS HEREBY ORDERED that Compel Production of Documents and Modify Discovery

17  Schedule is GRANTED IN PART and DENIED IN PART, as discussed above.

18          IT IS FURTHER ORDERED that the Expert Disclosure Deadline of February 18, 2013 is

19  extended to May 17, 2013, and the Discovery Cut-Off Date of April 18, 2013 is extended to June 18,

20  2013.

21          DATED this 19th day of April, 2013.

22

                                               CAM FERENBACH

23                                               UNITED STATES MAGISTRATE JUDGE

24

25